UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LYNN FERNANDO,

        Plaintiff,

v.

MORTGAGEIT, et al.,

        Defendants.

2:11-CV-1352 JCM (GWF)

**ORDER**

Presently before the court is plaintiff Lynn Fernando's emergency application for temporary restraining order and motion for preliminary injunction. (Doc. #2).

Plaintiff requests that this court enter a temporary restraining order to prevent a trustee's sale scheduled for August 25, 2011. (Doc. #2). Plaintiff asserts she is not in breach as to the foreclosing defendants. (Doc. #2). Thus, plaintiff has made no action or failure to perform that "would have authorized these defendants to exercise the power of sale." (Doc. #2). Specifically, plaintiff alleges that defendant Mortgage Electric Registration Systems, Inc (MERS) "did not have the ability to transfer interest in the loan" to Deutsche Bank National Trust Company. (Doc. #2). Therefore, defendants Deutsche Bank National Trust Company and MTDS "are strangers to the transaction" and have no authority to institute the trustee's sale. (Doc. #2). Plaintiff also asserts that defendants did not attach a copy of the promissory note to the notice of trustee's sale. (Doc. #2). Plaintiff argues that this is a violation of NRS 107.085(3)(b). (Doc. #2).

**James C. Mahan**
**U.S. District Judge**

1     According Federal Rule of Civil Procedure 65, a court may issue a temporary restraining
2 order when the moving party provides specific facts showing that immediate and irreparable injury,
3 loss, or damage will result before the adverse party's opposition to a motion for preliminary
4 injunction can be heard.  The Supreme Court has stated that courts must consider the following
5 factors in determining whether to issue a temporary restraining order and preliminary injunction: 1)
6 a likelihood of success on the merits; 2) possibility of irreparable injury if preliminary relief is not
7 granted; 3) balance of hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 555
8 U.S. 7, 20 (2008).

9     The court finds that plaintiff's motion falls far short of the standard required by the Supreme
10 Court in *Winter*.  Plaintiff's motion collects the holdings of several cases from other districts, but
11 fails to marshal binding precedent that tends to establish a likelihood of success on the merits.
12 Plaintiff neither analyzes the cases to which she cites nor does she compare the facts of the instant
13 litigation to the facts in those cases.  In effect, plaintiff is requesting this court to research the record
14 to determine the controlling facts of her dispute with defendants and then apply those facts to the
15 holdings of a handful of cases which she has cited.  Because plaintiff's application fails to establish
16 how her facts align with the facts of the supporting case law that she cites, this court cannot conclude
17 that she enjoys a likelihood of success on the merits.  Plaintiff also fails to authenticate any of the
18 documents submitted in support of her application for a temporary restraining order.

19     Second, Nevada law allows the court to declare a trustee's sale void. *See* NRS 107.080(5).
20 Therefore, plaintiff has not provided specific facts that show "immediate and irreparable injury, loss,
21 or damage will result to the movant before the adverse party can be heard in opposition." Fed. R.
22 Civ. Pro. 65.

23     Lastly, the court notes that plaintiff has been aware of defendants' efforts to conduct a
24 trustee's sale since at least July 19, 2010 but plaintiff waited less than a week before the actual sale
25 date to institute the instant proceeding in federal court.

26     Accordingly,
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a
2  temporary restraining order (doc. #2) be, and the same hereby is, DENIED.
3  DATED August 24, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -