1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:11-CV-1352 JCM (GWF)

LYNN FERNANDO,

        Plaintiff,

v.

MORTGAGEIT, et al.,

        Defendants.

**ORDER**

Presently before the court is defendant MortgageIT Corporation's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #8). Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), OneWest Bank, FSB, and Deutsche Bank National Trust Company, have filed a joinder to the motion to dismiss. (Doc. #21). Plaintiff Lynn Fernando has filed an opposition to the motion to dismiss (doc. #15) to which MortgageIT has replied (doc. #19).

MortgageIT's motion also seeks an award of attorneys' fees, arguing that the complaint was brought without reasonable grounds and/or to harass MortgageIT. In addition, MortgageIT seeks an award of costs.

Also before the court is defendant First American Title Insurance Company's ("FATCO") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #9). MERS, OneWest Bank, and Deutsche Bank have filed a joinder to the motion (doc. #12) and plaintiff has responded to the joinder (doc. #16). Plaintiff filed an opposition to the motion to dismiss (doc. #14) and FATCO has replied (doc. #17).

**James C. Mahan**
**U.S. District Judge**

1    FATCO seeks to dismiss the complaint as against it, arguing that the complaint is devoid of

2    any factual allegations tending to establish wrongdoing on FATCO's part.

3                                            **Background**

4         The facts alleged in the complaint establish that the instant dispute centers around the real

5    property located at 4234 Thunder Trice Street, Las Vegas, NC 89129.  Plaintiff is the sole owner of

6    the home.  Plaintiff refinanced her home with defendant MortgageIT.  The deed of trust recites that

7    defendant MERS is the beneficiary.  Defendant MTDS, Inc. ("Meridian") recorded a notice of

8    default and election to sell under the deed of trust.  Meridian also recorded the notice of trustee's

9    sale.  Plaintiff alleges that defendant MERS wrongfully assigned its rights under the deed of trust

10   and attempted to assign the underlying note to defendant Deutsche Bank, who subsequently

11   substituted Meridian as the trustee under the deed of trust.

12        Plaintiff alleges that she has no financial obligation to any of the defendants other than

13   MortgageIT.  What is more, plaintiff alleges that because MortgageIT has not supported this

14   foreclosure, and the remaining defendants are not agents or assigns of MortgageIT, none of them

15   have any right to initiate foreclosure proceedings against her.  As such, plaintiff filed the instant

16   complaint, alleging: (1) wrongful foreclosure; (2) violation of NRS § 107.085; (3) interference with

17   contractual relationship; and (4) slander of title.

18                                            **Discussion**

19   1.   Legal Standard

20        A plaintiff must include a "short and plain statement of the claim showing that the pleader

21   is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The statement of the claim is intended to "give the

22   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*

23   *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Pursuant to Federal Rule of Civil

24   Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief

25   can be granted."  In 42 U.S.C. § 1983 prisoner civil rights litigation, the court may dismiss any action

26   "if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted."

27   42 U.S.C. § 1997e(c)(1).

28

**James C. Mahan**
**U.S. District Judge**                                        - 2 -

1    Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor*

2    *Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  However, "[t]o survive a motion to dismiss, a

3    complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its

4    face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).  Although "not

5    akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility

6    that a defendant has acted unlawfully.  *Id.*

7    2,    MortgageIT's Motion to Dismiss

8    Accepting all the allegations in the complaint as true, the complaint fails to allege a single

9    fact or provide any legal basis for plaintiff's claims against MortgageIT.  Plaintiff's complaint

10   specifically states that "MortgageIT has not supported the foreclosure and there is no evidence that

11   the remaining [d]efendants are MortgageIT's duly designated assignees . . . ."  Compl. ¶ 26.

12   Accordingly, plaintiff's first claim (wrongful foreclosure), second claim (violation of NRS §

13   107.085(3)(b)), fourth claim (slander of title), and request for declaratory and injunctive relief must

14   be denied.  Plaintiff's own complaint alleges that MortgageIT was *not* involved with the foreclosure

15   that forms the bases of these claims.  Therefore, MortgageIT is not a proper defendant.

16    To state a claim for interference with a contractual relationship, plaintiff must allege (1)

17   there existed a valid contract between plaintiffs and a third party, (2) defendant knew of the contract,

18   (3) defendant committed intentional acts intended or designated to disrupt the contractual

19   relationship, (4) there was an actual disruption of the contract, and (5) plaintiffs sustained damages

20   as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.,* 109 Nev. 1043, 1049, 862 P.2d

21   1207 (1993). Plaintiff's complaint falls short, because the complaint does not allege that MortgageIT

22   improperly interfered with any of plaintiff's contractual relationships.  Rather, the complaint alleges

23   that plaintiff maintained a contractual relationship with MortgageIT, Comp. ¶ 39, and that MERS,

24   Deutsche Bank, and Meridian interfered in this relationship.   ¶ 41.   Such allegations place

25   MortgageIT as a victim, not a tortfeasor.

26   3.    MortgageIT's Request for Attorneys' Fees and Costs

27    MortgageIT's motion to dismiss requests the court grant attorneys' fees if it finds that

28

James C. Mahan
U.S. District Judge                                                                  - 3 -

plaintiff's complaint was filed in bad faith.  Under Nevada law, a defendant that prevails in a dispositive motion may be awarded its attorneys' fees if there is "evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party."  NRS § 18.010.  Although a court has discretion to award attorneys' fees as a sanction pursuant to NRS § 18.010, there must be evidence supporting the court's finding that the claim was unreasonable or brought to harass.  *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009); *see also Bower v. Harrah's Laughlin, Inc.* 215 P.3d 709, 726 (Nev. 2009).

Here, MortgageIT argues that bringing suit against it was unreasonable because plaintiff herself claims that MortgageIT was not involved in the underlying foreclosure upon which the entire suit is premised.  From this, MortgageIT concludes that "it can only be presumed that [p]laintiff filed suit against MortgageIT solely to harass MortgageIT and drive up the costs of litigation."  Def.'s Mot. Dismiss 9:17-18.  This court will not base an award of sanctions on such presumptions.  There is insufficient evidence of unreasonableness or intent to harass in the record presently before the court.  Therefore, the court declines to award attorneys' fees.

MortgageIT also requests costs pursuant to NRS § 18.020(3).  Under that statute, "[c]osts must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases . . . In an action for recovery of money or damages, where the plaintiff seeks to recover more than $2,500."  NRS § 18.020(3).  An award of costs is mandated as a matter of right.  *See Bergmann v. Boyce*, 856 P.2d 560, 566 (Nev. 1993).  Thus, MortgageIT may file a verified application for costs in accordance with the applicable rules of procedure.

Pursuant to Local Rule 54-1(a), "[u]nless otherwise ordered by the court, the prevailing party shall be entitled to reasonable costs," and "shall serve and file bill of costs and disbursements on the form provided by the clerk no later then ten (10) days after the date of entry of the judgment on decree."  Further, rule 54-1(b) provides that the bill of costs "shall be verified and distinctly set forth each item so that its nature can be readily understood," and "state that the items are correct and that the services and disbursements have been actually and necessarily provided and made."  In addition, the local rules require that the party attach an itemization and documentation of requested costs in

**James C. Mahan**
**U.S. District Judge**

1   all categories.

2         In light of the fact that defendant has failed to submit any of the necessary documentation as

3   required under the local rules, this court is not inclined to grant an award of costs at this time.

4   4.    <u>FATCO's Motion to Dismiss</u>

5         FATCO argues that none of the allegations in the complaint implicate it in any wrongdoing.

6   Specifically, FATCO argues that the only reference to FATCO in the complaint "is in the form 'deed

7   of trust' attached as Exhibit 1 to the complaint, wherein [FATCO] was identified as the original

8   trustee." Mot. Dismiss 4:1-3.  Accordingly, FATCO contends that it should be dismissed form this

9   complaint.

10        a)    *Wrongful Foreclosure*

11        As to the first claim for relief, "[a]n action for the tort of wrongful foreclosure will lie [only]

12  if the trustor or mortgagor can establish that at the time the power of sale was exercised or the

13  foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's

14  or trustor's part which would have authorized the foreclosure or exercise of the power of sale."

15  *Collins v. Union Federal*, 662 P.2d 610, 623 (Nev. 1983).  Plaintiff has failed to allege that she was

16  not in breach.  Plaintiff attached a notice of default to her complaint which illustrates that plaintiff

17  was in default on her loan since at least October 12, 2005. *See* Compl. Ex. 2.  Plaintiff's complaint

18  does not deny the validity of the notice of default.  Additionally, plaintiff's complaint fails to allege

19  that FATCO was the foreclosure trustee or the lender.  Because plaintiff does not contend that

20  FATCO was either the foreclosure trustee, or the lender, or that she was not in default, plaintiff

21  cannot state a claim for wrongful foreclosure against FATCO.

22        b)    *NRS § 107.085*

23        Section 107.085 requires that a sale trustee attach a copy of the promissary note to the notice

24  of sale served on the trustor or owner of record.  Plaintiff, however, fails to state a claim under §

25  107.085 as against FATCO because the complaint does not allege that FATCO was the sale trustee,

26  that it commenced foreclosure, or that it served the allegedly deficient NRS § 107.085 notice.

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1           c)      *Interference with Contract*

2           As explained above, plaintiff's third claim for tortious interference with contract alleges that

3 MERS, Deutsche Bank, and Meridian interfered with a contract between plaintiff and MortgageIT.

4 The complaint fails, however, to assert that FATCO knew of the contract or committed intentional

5 acts intended or designed to disrupt the contract. *See Hilton,* 109 Nev. at 1049. Accordingly, the

6 complaint fails to allege interference against FATCO.

7           d)      *Slander of Title*

8           Plaintiff also alleges that defendants slandered the title to the subject property. For a cause

9 of action to succeed for slander of title, plaintiff must show that defendants made "false and

10 malicious communications, disparaging to one's title in land, and causing special damage." *Higgins*

11 *v. Higgins,* 103 Nev. 443, 445 (Nev. 1987) (citations omitted).

12           In the complaint, plaintiff has failed to state *what* communications were false, *how*   FATCO

13 acted with malice, and *what* special damages she suffered, as required by Rule 8. Fed. R. Civ. P. 8.

14 The complaint is silent as to how FATCO disparaged plaintiff's title in land. Therefore, the

15 plaintiffs' claim for slander of title is dismissed.

16    5.    <u>Joinder of MERS, OneWest Bank, and Deutsche Bank</u>

17           MERS, OneWest Bank, and Deutsche Bank have joined in arguments that do not relate to

18 their specific situations or the complaint's allegations as to them. The arguments that MortgageIT

19 and FATCO have made in their respective motions to dismiss do not apply with equal force to

20 MERS, OneWest Bank, or Deutsche Bank. Accordingly, although the court dismisses MortgageIT

21 and FATCO from the complaint, it does not, at this time, dismiss the remaining defendants. Rather

22 than simply join in arguments that may or may not relate to them, these defendants should file

23 memoranda that is relevant to their defenses so that this court may properly determine whether or

24 not claims have been stated against them.

25           Accordingly,

26           IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant MortgageIT's

27 motion to dismiss (doc. #8) be, and the same hereby is, GRANTED in part. MortgageIT shall be

28

**James C. Mahan**
**U.S. District Judge**

1    dismissed from the suit.

2        IT IS FURTHER ORDERED that MortgageIT's request for attorneys' fees and costs is

3    DENIED.

4        IT IS FURTHER ORDERED that FATCO's motion to dismiss (doc. #9) be, and the same

5    hereby is, GRANTED.  FATCO shall be dismissed from the suit.

6        DATED November 4, 2011.

7

8    _____
     **UNITED STATES DISTRICT JUDGE**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -