UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LYNN FERNANDO,<br><br>        Plaintiff,<br><br>v.<br><br>MORTGAGEIT, et al.,<br><br>        Defendants. | 2:11-CV-1352 JCM (GWF) |

**ORDER**

Presently before the court are three motions. First, is plaintiff Lynn Fernando's motion to certify a question to the Nevada Supreme Court. (Doc. #37). Defendant First American Title Company (a party released from the case by this court's November 4, 2011, order) has responded (doc. #44), as have the remaining defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), OneWest Bank, FSB, and Deutsche Bank National Trust Company (doc. #45). Ms. Fernando has filed replies to both oppositions. (Docs. #47 and #48).

Also before the court is a motion to dismiss filed by the remaining defendants. (Doc. #32). Ms. Fernando has filed a response (doc. #39), and the remaining defendants have filed a reply (doc. #43).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

Lastly before the court is Ms. Fernando's motion for summary judgment. (Doc. #18). The remaining defendants have filed a response (doc. #24), and Ms. Fernando has replied (doc. #27).[1]

### Background

The facts surrounding the instant dispute are well known to the litigants and have been described by this court in previous orders. Accordingly, only a short recitation will suffice for present purposes. This dispute centers around the real property located at 4234 Thunder Trice Street, Las Vegas, NV 89129. Plaintiff alleges that she has no financial obligation to any of the remaining defendants, and that the remaining defendants have no right to initiate foreclosure proceedings against her. As such, plaintiff filed the instant complaint, alleging: (1) wrongful foreclosure; (2) violation of NRS § 107; (3) interference with contractual relationship; and (4) slander of title. This court previously dismissed First American Title Company and MortgageIT, Inc. from the suit, finding that the complaint failed to state any claims against them.

Ms. Fernando now argues that this court should certify a legal question to the Nevada Supreme Court and stay the proceedings pending an answer from that court. Ms. Fernando contends that because no state precedent exists concerning whether "a party seeking to enforce a note secured by a deed of trust [must] first produce the original endorsed note and an assignment demonstrating a right to payment," this court should defer to the state's high court for an answer to that question.

The remaining defendants, however, argue that the question should not be certified and the case should be dismissed because the question has no bearing on the outcome of Ms. Fernando's claims and her complaint fails to state a claim for relief.

. . .

. . .

. . .

---

[1] The court notes that the motion for summary judgment was filed first, followed by the motion to dismiss, and the motion for certification. However, the court will adjudicate the motions in reverse order given the possibility that the granting of the motion to certify will impact the remaining motions and the granting of the motion to dismiss will impact the viability of the motion for summary judgment.

James C. Mahan
U.S. District Judge

- 2 -

**Discussion**

1.     Motion to Certify Question (Doc. #37)

Ms. Fernando requests that this court certify the following legal question to the Nevada Supreme Court:

> In a nonjudicial foreclosure in Nevada, must a party seeking to enforce a note secured by a deed of trust first produce the original endorsed note and an assignment demonstrating a right to payment?

Pl.'s Mot. 5:25-27.

The Nevada Rules of Appellate Procedure provide that the Supreme Court of Nevada has the power to answer "questions of [state] law . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of [Nevada]." Nev. R. App. P. 5(a). Where the question does not impact the merits of a claim pending before the certifying court, the question should not be certified to the Supreme Court. *See* Nev. R. App. P. 5(a) (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 751 (2006) (declining to answer certified questions where "answers to the questions posed [] would not 'be determinative' of any part of the case"). Additionally, a lower court should decline to certify a question to the Nevada Supreme Court when the statutory language is sufficiently clear for the court to apply. *See Kehoe v. Aurora Loan Services, LLC*, 2010 WL 4286331, *11 (D. Nev. Oct. 20, 2010) (declining to certify question regarding NRS § 107.080 to Nevada Supreme Court).

Nevada's law governing nonjudicial foreclosure, NRS § 107 *et. seq.*, is sufficiently clear with respect to whether the borrower must be provided with the original promissory note, thus this court does not find certification necessary. The text of the statute does not place a duty on the lender to provide the original loan documents during the nonjudicial foreclosure process. *See* NRS §§ 107.080 and 107.087. The legislature found it appropriate to require that "a copy of the promissory note [be] attached to the notice" in the context of a transfer in trust of an estate in real property, *see* NRS § 107.085(3)(b), but did not include such a requirement in the text of § 107.080 or § 107.087. The legislature also created increased burdens in the foreclosure mediation context.

1    NRS § 107.086(4), governing foreclosure mediation, requires the beneficiary of the deed of
2    trust to "bring to the mediation the original or a certified copy of the deed of trust, the mortgage note
3    and each assignment of the deed of trust or mortgage note." NRS § 107.086(4). The legislature
4    included no such requirement in § 107.080 or § 107.087.

5    Accordingly, neither § 107.080 nor § 107.087 requires originals of the deed of trust,
6    promissory note, or assignments. Courts confronting the issue have uniformly held that the statutes
7    do not require original loan documents in the nonjudicial foreclosure context. *See Byrd v. Meridian*
8    *Foreclosure Service*, 2011 WL 1362135, *2 (D. Nev. April 8, 2011) ("The ever-expanding body of
9    case law within this district holds that the Nevada law governing non judicial foreclosure, NEV. REV.
10   STAT. § 107.080, does not require a lender to produce the original note as a prerequisite to
11   nonjudicial foreclosure proceedings."); *see also Kemberling v. Ocwen Loan Servicing, LLC*, 2009
12   WL 5039495, *3 (D. Nev. Dec. 15, 2009) ("Defendants are not required to produce the original loan
13   documents. Courts across the country have rejected claims by plaintiffs asserting a duty by the
14   lender to provide the original note under the U.C.C. to prove its holder in due course status.");
15   *Aguilar v. WMC Mortg. Corp.*, 2010 WL 185951, at *2 (D. Nev. Jan. 15, 2010) ("Nevada's
16   foreclosure statute is comprehensive and does not require production of the original note.").

17   Further, the Nevada Supreme Court's recent opinion in *Thomas v. BAC Home Loans*
18   *Servicing, LP*, 2011 WL 6743-44 (Nevada S. Ct. Dec. 20, 2011) (unpublished), telegraphs how the
19   high court would rule on the instant issue. In *Thomas*, the Court was asked to determine whether
20   "the Nevada Legislature indirectly adopted a level of documentation necessary to support foreclosure
21   actions with the creation of the Foreclosure Mediation Program." *Id.* at *4. The plaintiff argued that
22   only originals and certified copies of the loan documents were sufficient to support a motion for
23   summary judgment. In rejecting the plaintiff's approach, the court noted that only § 107.086
24   (pertaining to foreclosure mediation) requires originals or certified copies of the loan documentation,
25   but the remaining subsections of the statute had no such requirement. *See id.* The court reasoned
26   that the mediation statute applied only to mediation, and did not have any bearing on judicial actions.
27   . . .
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1   As the Court explained:

2         The language of NRS 107.086 is plain and unambiguous. By its very terms,
3         the requirements and procedures set forth within its provisions apply only to
      proceedings in the Nevada Foreclosure Mediation Program. NRS 107.086(4)
4         (The beneficiary of the deed of trust shall bring to the mediation the original
      or a certified copy of the deed of trust, the mortgage note and each assignment
5         of the deed of trust or mortgage note.) Therefore, it has no applicability to
      judicial actions, and Nevada's rules of evidence apply.

6   *Id.*

7   The text of § 107.080 is similarly plain and unambiguous. It does not establish a level of

8   documentation necessary to support nonjudicial foreclosures. The Nevada Supreme Court has

9   explained that the documentation standards codified in § 107.086 are limited to the mediation

10  program. Accordingly, this court does not find that the documentation standards applicable in the

11  foreclosure mediation context apply in the area of nonjudicial foreclosures.

12  Ms. Fernando's motion for certification ignores this uniform body of law, and attempts to

13  construct a statutory ambiguity where clarity exists. The language of the statute is clear and courts

14  have routinely interpreted the statute identically. If Ms. Fernando seeks to change the law, then

15  Nevada's certification procedure is the incorrect vehicle to bring about the change. Certification

16  exists to settle important questions of law. *See Volvo*, 122 Nev. at 750-51. Ms. Fernando has not

17  directed this court to any inconsistency or conflict that illustrates a need to "settle" a question of

18  law. Rather, her motion only illustrates the consistency with which courts have interpreted the clear

19  statutory language of § 107.080.

20  For these reasons, Ms. Fernando's motion to certify is denied.

21  2.    Motion to Dismiss (Doc. #32)

22  A plaintiff must include a "short and plain statement of the claim showing that the pleader

23  is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the

24  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*

25  *v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil

26  Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which

27  relief can be granted."

28

**James C. Mahan**
**U.S. District Judge**
                                  - 5 -

Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

  a) *Wrongful Foreclosure*

"An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 305 (1983); *see also Haley v. Elegen Home Lending, LP*, 2010 WL 1006664, *2 (D. Nev. March 16, 2010); *Huggins v. Quality Loan Servicing, LP*, 2011 WL 310490, *5 (D. Nev. Jan. 27, 2011). Here, the power of sale has not been exercised and the foreclosure has not yet taken place. Furthermore, Ms. Fernando has failed to allege that she was not in breach of her mortgage contract. In fact, Ms. Fernando attached a notice of default to her complaint which illustrates that she has been in default on her loan since at least October 12, 2005. *See* Compl. Ex. 2. Accordingly, the claim for wrongful foreclosure must fail.

  b) *NRS § 107.085*

Ms. Fernando alleges that the defendants violated NRS § 107.085 by failing to attach a copy of the promissary note to the notice of sale. However, NRS § 107.085 applies to trust agreements that are subject to § 152 of the Home Ownership and Equity Protection Act of 1994. Because plaintiff never alleged that the property is subject to § 152 of the Home Ownership and Equity Protection Act of 1994, plaintiff has failed to state a claim upon which relief can be granted.

  c) *Interference with Contract*

To state a claim for interference with a contractual relationship, Ms. Fernando must allege (1) there existed a valid contract between plaintiff and a third party, (2) defendant knew of the

James C. Mahan
U.S. District Judge

- 6 -

1  contract, (3) defendant committed intentional acts intended or designated to disrupt the contractual
2  relationship, (4) there was an actual disruption of the contract, and (5) plaintiff sustained damages
3  as a result. *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.,* 109 Nev. 1043, 1049 (1993).

4  Ms. Fernando claims that the remaining defendants intentionally interfered with her
5  contractual relationship with MortgageIT. However, the record reflects that any contractual
6  relationship between Ms. Fernando and MortgageIT ended nearly four years *before* the alleged
7  interference by the remaining defendants. *See* Ex. A to MortgageIT's Mot. Dismiss. If there was
8  no contract between MortgageIT and Ms. Fernando, the remaining defendants cannot be liable for
9  interference. *See Hilton*, 109 Nev. at 1049.

10      *d)*    *Slander of Title*

11  For a slander of title claim to succeed, a plaintiff must show that defendants made "false and
12  malicious communications, disparaging to one's title in land, and causing special damage." *Higgins*
13  *v. Higgins,* 103 Nev. 443, 445 (Nev. 1987) (citations omitted).

14  Ms. Fernando does not deny that she was in default. Therefore, the notice of default and
15  notice of trustee's sale are not false and malicious. Accordingly, plaintiff has failed to state a claim
16  for slander of title.

17  3.    <u>Motion for Summary Judgment (Doc. #18)</u>

18  Pursuant to this court's dismissal of Ms. Fernando's complaint, the motion for summary
19  judgment is moot.

20  Accordingly,

21  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Ms. Fernando's motion
22  for certification (doc. #37) be, and the same hereby is, DENIED.

23  IT IS FURTHER ORDERED that the remaining defendants' motion to dismiss (doc. #32)
24  be, and the same hereby is, GRANTED.

25  . . .
26  . . .
27  . . .
28

**James C. Mahan**
**U.S. District Judge**

- 7 -

IT IS FURTHER ORDERED that Ms. Fernando's motion for summary judgment (doc. #18) be, and the same hereby is, DENIED as moot.

DATED May 4, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -